UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICARDO GARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-00402-JAR |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Stay and Abeyance [ECF No. 5], Motion for Enlargement of Time [ECF No. 12], and Motion for Evidentiary Hearing. [ECF No. 14]. No response to the motions has been filed.

Petitioner brings this action pursuant to 28 U.S.C. § 2254, claiming that: (1) the trial court plainly erred in refusing to submit a lesser-included-offense instruction on second degree robbery; (2) trial counsel was ineffective for failing to preserve for appeal the trial court's refusal to submit a lesser-included offense instruction on second-degree robbery; (3) appellate counsel was ineffective for failing to raise a claim that the evidence seized and statements taken from Petitioner should have been suppressed as the result of an illegal arrest; (4) the prosecutor presented perjured testimony to establish probable cause for Petitioner's arrest; and (5) trial counsel was ineffective for failing to obtain evidence from Petitioner's co-defendants that would support his request for a lesser-included-offense instruction on second-degree robbery.

**Motion for Stay and Abeyance**

In his motion, Petitioner requests this Court stay this action while he seeks to litigate his unexhausted claims in state court. The Court's review of the docket entries in *Ricardo Garrett v. Troy Steele*, Washington County Circuit Court Cause No. 11WA-CC00502, indicated that

Petitioner's state habeas petition was dismissed following a hearing on May 15, 2012. Accordingly, the Court ordered Petitioner to show cause in writing why his motion should not be denied as moot. (Doc. No. 15) On January 14, 2013, Petitioner filed his response conceding his motion is moot. (Doc. No. 5, ¶ 2) Thus, Petitioner's motion for stay and abeyance will be denied.

**Motion for Enlargement of Time**

Petitioner requested an additional thirty days up to an including August 7, 2012, or alternatively for an additional fifteen days up to and including July 23, 2012, to file his traverse. Because Petitioner filed his Traverse on July 26, 2012 (Doc. No. 13), his motion for enlargement of time will be denied as moot.

**Motion for Evidentiary Hearing**

Petitioner argues the factual record regarding the recovery of the keys to the getaway car, a Ford Escort, was not fully and fairly developed in state court. Specifically, Petitioner disputes the arresting officer's statement that he found keys matching the description of the getaway car on Petitioner's dresser. (Doc. No. 14, ¶¶ 2, 13) Petitioner states that whether the officer testified truthfully at the suppression hearing regarding the key is important because it goes to his credibility and because the court relied on his testimony to determine whether the evidence would be suppressed. (Id., ¶ 12) Petitioner requests an evidentiary hearing on grounds three and four of his § 2254 petition.

In ground three, Petitioner claims his appellate counsel was ineffective for failing to raise a claim that the evidence seized and statements taken from him concerning the car key should have been suppressed as the result of an illegal arrest. (Petition, Doc. No. 1, pp. 20-22) In ground four, Petitioner claims the prosecutor presented perjured testimony to establish probable cause for his arrest when Officer Riggins testified that he observed in "plain view" the keys to the getaway car when, in fact, he had not because the keys were still in the ignition. (Id., p. 23)

The decision whether to grant an evidentiary hearing when there are facts in dispute is generally within the discretion of the district court judge. Olds v. Norman, 2013 WL 316017, at *20-21 (E.D. Mo. Jan. 8, 2013) (citing Crawford v. Norris, 363 Fed.Appx. 428, 430 (8th Cir. 2010 (unpublished per curiam opinion)). Under 28 U.S.C. § 2254 (e)(2), a hearing may not be granted unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [ ] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when petitioner's grounds for relief can be sufficiently reviewed based on the record presented to the state courts. McCann v. Armontrout, 973 F.2d 655, 658-59 (8th Cir. 1992).

The Court finds an evidentiary hearing in this case is neither warranted nor necessary. At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed decision on the merits of Petitioner's claims. Petitioner alleges no new rule of constitutional law that was previously unavailable or any new factual basis that could not have been previously discovered through the exercise of due diligence. Without these allegations, it cannot be determined, let alone shown, that any "facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Thus, granting an evidentiary hearing in this case "would not assist in the resolution of [petitioner's] claim[s]." Irons v. Dormire, 2006 WL 2811487, at *21 (E.D.Mo. Sept. 28, 2006) (quoting Johnston v. Luebbers, 288 F.3d 1048, 1059 (8th Cir.2002)). Petitioner's

request for an evidentiary hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Stay and Abeyance [5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time [12] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing [14] is **DENIED**.

Dated the 27th day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE