UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RICARDO GARRETT,** | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 4:12-cv-00402-JAR ) |
| **IAN WALLACE[1],** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ricardo Garrett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 10) and Petitioner replied (Doc. 13). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED.**

### I. Introduction and Background

On October 24, 2007, a jury found Petitioner guilty of one count of first-degree robbery (Count I) (Ex. B at 45). The trial court sentenced Petitioner to 30 years on Count I. Petitioner filed a direct appeal raising one claim: The trial court plainly erred in refusing to submit to the jury the lesser-included offense instruction on robbery in the second degree (Ex. C at 9). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment (Ex. E).

On December 1, 2008, Petitioner filed a motion for post-conviction relief (Ex. J at 4-22). On April 14, 2009, with the assistance of counsel, Petitioner filed an Amended Motion (Ex. J at

---
[1] Petitioner is incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri (Doc. 21). Ian Wallace is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

29-45). Following an evidentiary hearing held on March 24, 2010, the circuit court denied Petitioner's motion on April 27, 2010 (Ex. J at 46-50).

Petitioner appealed the denial, raising two points:

(1) The Motion Court erred when it denied his post-conviction claim for ineffective assistance of counsel because his trial counsel failed to include a claim in his motion for new trial that the trial court erred in denying his request for a lesser included offense instruction; and

(2) The Motion Court erred in denying his post-conviction claim that his appellate counsel was ineffective for failing to appeal the trial court's denial of his motion to suppress evidence.

(Ex. G). On June 21, 2011, the Missouri Court of Appeals for the Eastern District affirmed the circuit court's denial of the motion (Ex. I).

On March 5, 2012, Petitioner filed the instant Section 2254 petition in which he raises the following five grounds for relief:

(1) The trial court plainly erred in refusing to submit to the jury Petitioner's lesser-included offense instruction on robbery in the second degree (Doc. 1 at 16-17);

(2) Trial counsel was ineffective when they failed to include their request for an instruction on the lesser-included offense of robbery in the second-degree in their motion for new trial, thus waiving appellate review on the appropriateness of the instruction (Doc. 1 at 18-19);

(3) Appellate counsel was ineffective when she failed to appeal that the evidence seized and the statements taken from Petitioner were the result of an illegal arrest and thus should have been suppressed as fruit of the poisonous tree (Doc. 1 at 20-22);

(4) The Prosecutor presented perjured testimony to establish probable cause for the Petitioner's arrest when Officer Mitchell Riggins testified that he observed in "plain view" the keys to the getaway vehicle when, in fact, he had not because the keys were still in the vehicle's ignition (Doc. 1 at 23); and

(5) Trial counsel was ineffective when they failed to investigate, interview, or depose Petitioner's codefendants to obtain available evidence to support Petitioner's request for a lesser-included offense instruction for robbery in the second-degree (Doc. 1 at 23).

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). " 'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.' " *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under §

2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## A.     Procedural Default

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. Before seeking habeas relief, a petitioner is required to bring his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), *see also* 28 U.S.C. § 2254(c). Because Petitioner has failed to bring Grounds 4 and 5 through the applicable state review process, they must be dismissed.

## B.     Grounds 1 & 2: Lesser Included Offense

In Ground 1, Petitioner asserts that the trial court plainly erred in refusing to submit to the jury Petitioner's lesser-included offense instruction on robbery in the second degree (Doc. 1 at 16-17). The Missouri Court of Appeals for the Eastern District found that Petitioner failed to raise this issue in his motion for new trial (Ex. E at 4). The Appellate Court reviewed the ground for plain error, determining that "the trial court did not err in rejecting the instruction of the lesser-included charge" because "[t]here are no reasonable grounds for acquittal, which would prompt the requirement to instruct on the lesser-included charge." (Ex. G at 9-10). The Appellate Court's review of the ground for plain error does not cure the procedural defect. *Clark v. Bertsch*, No. 13-3379 (8th Cir. 2015) (holding that *Hayes* governs in the Eighth Circuit and

therefore "a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.") The Court is unable to review the claim unless Petitioner can demonstrate cause for the default.

In this case, Petitioner asserts cause for the default in Ground 2. In Ground 2, Petitioner argues that Trial Counsel was ineffective for failing to include his request for an instruction on the lesser-included offense of robbery in the second-degree in his motion for new trial, thus waiving appellate review on the appropriateness of the instruction (Doc. 1 at 18-19). Ineffective assistance of counsel which prevents the petitioner from raising a claim in state court is "cause" for a procedural default. *Smith v. Lockhart*, 882 F.2d 331, 333 (8th Cir. 1989) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). However, Petitioner has not properly exhausted his state court remedies regarding his ineffective assistance of counsel claim. *Murray*, 477 U.S. at 488 (finding that ineffective assistance of counsel is cause for procedural default but must be presented to the state courts as an independent claim). In this case, Petitioner brought the claim before the Motion Court but, on appeal of the Motion Court's decision, the Appellate Court found the claim to be noncognizable in a Rule 29.15 Motion (Ex. I at 6). Accordingly, to be fully exhausted, Petitioner needed to have presented his claim in his direct appeal. *See Wilson v. Bowersox*, No. 4:13CV1206 JCH, 2014 WL 4749560, at *4 (Sept. 24, 2014). Because Petitioner has failed to establish cause for the procedural default, the Court need not reach the question of prejudice. *Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004).

Regardless, in the interest of a full judicial review, the Court will evaluate the underlying claim on the merits. "[T]he failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990). Under Missouri Law, "[t]he court shall not be obligated to charge the jury with

respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Mo. Rev. Stat. § 556.046.2 (2001). Here, Petitioner asserts that his instruction for second-degree robbery should have been given. "A person commits the crime of robbery in the second degree when he forcibly steals property." Mo. Rev. Stat. § 569.030.1 (2014). The Parties do not dispute whether Petitioner could have been convicted of the lesser offense of robbery in the second degree. At issue is whether there was a basis for a verdict acquitting the Petitioner of robbery in the first degree.

"A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Mo. Rev. Stat. § 569.020 (2014). Petitioner asserts that the evidence at trial did not show that his co-defendant "displayed the brass knuckles in a menacing manner to the Victim," or that Petitioner could reasonably anticipate the use of the brass knuckles (Doc. 1 at 16 (quoting Ex. E at 6)). However, these arguments are without merit. Under Missouri law, "metal knuckles" constitute a deadly weapon. Mo. Rev. Stat. § 556.061(10). The Parties do not dispute that Petitioner's co-defendant had brass knuckles in his possession. Whether the co-defendant displayed the brass knuckles in a menacing manner to the Victim is irrelevant. Further, the wording of the statute is explicit, Petitioner need not have anticipated the use of the brass knuckles because "another participant in the crime," his co-defendant, was armed with a deadly

weapon, the brass knuckles. Therefore, in addition to being procedurally defaulted, Petitioner's underlying claim is meritless. Further, because his underlying claim is meritless, Petitioner cannot establish prejudice as required under *Strickland* and his ineffective assistance of counsel claim must also be denied. 466 U.S. 668, 687 (1984). Accordingly, Grounds 1 and 2 are denied.

**D.     Ground 3: Failure to Preserve Claim**

In Ground 3, Petitioner asserts that Appellate Counsel was ineffective when she failed to appeal that the evidence seized and the statements taken from Petitioner were the result of an illegal arrest and thus should have been suppressed as fruit of the poisonous tree (Doc. 1 at 20-22). Specifically, Petitioner argues that although a police officer testified that he arrested Petitioner after seeing keys matching the make and model of the getaway car, another officer indicated that the keys to the getaway car were in the ignition of the car (Doc. 1 at 20-21).

In order to state a claim of ineffective assistance of counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

The Motion Court determined that Petitioner was not prejudiced by Appellate Counsel's

decision not to raise this issue on appeal because even if the issue had been raised on direct appeal, it would not have been successful (Ex. J at 49). In so-doing, the Motion Court distinguished *State v. Hicks*, 515 S.W.2d 518 (Mo. banc 1974)[2] and noted the following:

> [O]fficers in the instant case had a description of the robbers with one of them being a black male wearing a red fleece long sleeved shirt. One of the robbers who was captured, "J.B.", was identified by the victim as one of his robbers. When "J.B." was brought to the police station, he was recognized as having been arrested before with Movant. Further, Movant matched the description of the black male robber provided by the victim. Police went to Movant's home and were given permission by the homeowner . . . to enter. He also informed them that Movant was in the basement and that he had been hanging out with J.B. that evening. Although police went to the residence only to talk to Movant, once they got inside of the house 'it all fell into place'. On Movant's bed, they found a red long sleeved fleece shirt and they found keys matching the make and model of the getaway car on his dresser. Movant was found fully clothed hiding in the shower.

(*Id.* at 48-49). The Motion Court thereafter concluded, "Police had ample probable cause to arrest him" and that Appellate Counsel had omitted the claim in his appeal as a matter of strategy (*Id.* at 49). The Appellate Court affirmed the Motion Court's decision, similarly distinguishing *Hicks* and finding that "the police had considerably more evidence linking Garrett to the crime" (Ex. I at 7). The Appellate Court therefore concluded that, "[a]mple evidence supports the motion court's finding that had the issues been raised on appeal, it would have been unsuccessful, and thus Garrett was not deprived of a fair trial" (*Id.* at 8).

Although the Missouri courts did not cite to *Strickland*, the courts reasonably applied analogous state case law. Counsel's decision not to raise this issue on appeal was a reasonable strategy given its unlikelihood of success on appeal. Further, Petitioner was not prejudiced by Counsel's decision to bring the claim on appeal because it would have been unsuccessful. The record reflects, and the Missouri courts detailed, that police had sufficient probable cause to

---

[2] In *State v. Hicks*, the Missouri Supreme Court held that the defendant's history of prior arrests and his recent release from a state mental hospital as well as the facts that he lived near the victim's apartment and he became excited and struggled after police told him that he would be taken to the police station for questioning did not establish probable cause for arrest. 515 S.W.2d at 524.

arrest Petitioner. Accordingly, the Court finds that neither state court issued a decision that was contrary to federal law or an unreasonable application of federal law. Accordingly, Ground 3 is denied.

### III. Other Pending Motions

Petitioner has also filed a letter with the Court that the Court construes as a Motion for Permanent Injunction or, in the alternative, Motion for Temporary Restraining Order (Doc. 23). Petitioner asserts that he is unable to purchase supplies so that he may diligently pursue his legal rights because he owes some legal fees and therefore only has access to $5.00 a month in his account. The Government responded that it is their policy to allow a prisoner to purchase legal materials, regardless of the amount of money in Petitioner's account (Doc. 30). In support of its response, the Government provides the Court with the Affidavit of Susan Woods, Offender Finance Officer with the Missouri Department of Corrections and the Departmental policy and procedure D3-5.11 entitled "Judgments Against Offender Funds" (Doc. 30-1). Ms. Woods indicates that it is the practice of the Department, under this policy, "to allow offenders to purchase all legal materials they need from an institution's canteen regardless of the amount of money in the offenders' banking account" (Doc. 30-1 at 1). To qualify for the program, she notes, an offender must submit a qualified legal verification form along with the item or items he is requesting from the canteen (*Id.*). The Petitioner subsequently moved for two extensions of time to file a reply to the Government's response (Docs. 31, 33). In its order addressing the second motion, the Court granted Petitioner's request, giving him until March 23, 2015 to reply, but warned Petitioner that no further extensions of time would be granted (Doc. 34). As of today's date, Petitioner has not replied to the Government's response. Therefore, the Motion is ready for disposition.

The Court finds Petitioner's Motion without merit. Respondent has provided ample evidence that it is the practice of the Missouri Department of Corrections to allow inmates to purchase legal materials once they complete a legal verification form. Therefore, the Court will deny Petitioner's Motion.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ricardo Garrett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.** An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Permanent Injunction or, in the alternative, Motion for Temporary Restraining Order (Doc. 23) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 27th day of March, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**